UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10930-GAO

ATLAS GLASS & MIRROR, INC.,
Plaintiff,

v.

TRI-NORTH BUILDERS, INC.,
Defendant.

OPINION AND ORDER
March 20, 2020

O'TOOLE, S.D.J.

This suit arises from the alleged failure of Tri-North Builders, Inc. to fully compensate Atlas Glass & Mirror, Inc. for window installation services Atlas Glass performed as part of a hotel restoration project for which Tri-North acted as general contractor. Tri-North moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] on the basis of a forum selection clause in the parties' governing agreement. The Court denied without prejudice the motion and permitted a short period of discovery on the issue. Following discovery, Tri-North renewed the motion.

In 2012, Atlas Glass entered into a subcontract with Tri-North, identified as Subcontract No. 121210024667, to provide window installation services at a hotel in Framingham,

---

[1] According to the First Circuit, "the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible in this Circuit, and we will not decline to review or enforce a valid forum selection clause simply because a defendant brought a motion under 12(b)(6) as opposed to under § 1404 or *forum non conveniens*." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 n.3 (1st Cir. 2014).

Massachusetts (the "Subcontract"). The Subcontract, dated August 28, 2012, contained the following provision:

> **19. <u>Disputes</u>:** Any dispute arising from this Contract shall, at Contractor's[2] option, be resolved by litigation, binding arbitration . . . , or the dispute resolution clause of the Prime Contract. . . . Forum and venue for any arbitration or litigation shall be Dane County, Wisconsin, and Subcontractor consents to the jurisdiction of the courts of Wisconsin.

(Mem. of Law in Support of Tri-North's Mot. to Declare the Parties' Forum Selection Clause Valid and to Dismiss this Case for Failure to State a Claim Aff. of Michael R. Stanley ("Stanley Aff.") Ex. A ¶ 19 (dkt. no. 26-2).) The Subcontract also contained a merger clause providing that the Subcontract "represents the full and final agreement of the parties and supersedes all prior written and oral communication between the parties." (<u>Id.</u> ¶ 22.) It further provided that Tri-State could "make changes in," including "additions to" the "Work" described in the Subcontract. (<u>Id.</u> ¶ 4.)

Atlas Glass performed the work identified in the Subcontract, as well as extra work requested by Tri-North. It submitted invoices to Tri-North in accordance with the Subcontract, repeatedly describing that the terms were "Per Contract" and identifying "Subcontract: 121210024667" on the invoices and "Subcontract date 08/28/12" on its sworn pay applications. (Stanley Aff. Exs. B, C (dkt. no. 26-3, 26-4).) Although Tri-North paid Atlas Glass for some of the work it performed, Atlas Glass contends a balance of $88,154.13 remains.

"[T]he threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." <u>Rivera v. Centro Medico de Turabo, Inc.</u>, 575 F.3d 10, 17 (1st Cir. 2009). There is no dispute that the forum selection clause here is mandatory. The clause states that at the Contractor's election "Forum and venue for any arbitration or litigation *shall be* Dane

---

[2] The Subcontract identified Tri-State as the "Contractor" and Atlas Glass as the "Subcontractor."

County, Wisconsin." (Stanley Aff. Ex. A ¶ 19 (emphasis added).) "[I]t is axiomatic that the word 'shall' has a mandatory connotation." Claudio-De Leon, 775 F.3d at 46.

"The next step in evaluating the applicability of a forum selection clause is ascertaining its scope." Id. at 47. "[T]he language of the forum selection clause . . . determines which claims fall within its scope." Id. at 47 (quoting Rivera, 575 F.3d at 19). Here, the clause provides that the forum and venue for "*any* . . . litigation shall be Dane County, Wisconsin," within a larger paragraph dictating how "*[a]ny* dispute arising from" the Subcontract shall be resolved. (Stanley Aff. Ex. A ¶ 19 (emphasis added).) The gravamen of the complaint is that Tri-North breached the Subcontract when it failed to pay the invoices Atlas Glass submitted "in accordance with the specifications contained in the Subcontract" for "services [that] were performed in accordance with the Subcontract." (Compl. ¶¶ 37–38 (dkt. no. 1-1).) The claims fall within the broad scope of the forum selection clause.

Atlas argues that the forum selection clause in the Subcontract does not apply to its claims because an earlier proposal it submitted to Tri-North was accepted and Atlas Glass performed the work set out therein. However, the Subcontract was executed after Atlas Glass sent its proposal and, as noted, it included a merger clause which provided that the Subcontract "represents the full and final agreement of the parties and supersedes all prior written and oral communication between the parties." (Stanley Aff. Ex. A ¶ 22.) Therefore, the proposal did not represent the agreement of the parties; it was explicitly and unambiguously superseded by the Subcontract. The Subcontract contemplated the possibility of additional work, (see id. ¶ 4), and, in any event, Atlas Glass's course of conduct, including its submission of invoices and sworn statements referring to the Subcontract, demonstrated a mutually agreed upon modification to the original amount of work identified in the contract.

3

If the clause is mandatory and encompasses the claims alleged, the final step is to evaluate whether there is a reason that the presumption of enforceability should not apply. Claudio-De Leon, 775 F.3d at 48–49. The party challenging a forum selection clause must make a "strong showing" that the clause is "'unreasonable' under the circumstances" and should be set aside. Id. (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972)); Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 292 (1st Cir. 2015). Under Bremen, there are four grounds for finding a clause unenforceable as unreasonable: (1) it is the "product of 'fraud or overreaching'"; (2) "enforcement would be unreasonable and unjust"; (3) litigation in the selected forum would "be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court;" and (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision."[3] Claudio-De Leon, 775 F.3d at 48–49 (quoting Bremen, 407 U.S. at 15, 18).

Atlas Glass appears to make three arguments under Bremen, including that enforcement of the forum selection clause in the Subcontract (i) would be unreasonable and unjust because of a lack of reciprocity of rights or mutuality of obligations, (ii) would be against public policy because of its statutory claim under Massachusetts General Laws Chapter 93A, and (iii) would cause manifest injustice to Atlas Glass because of the burden on the company and its managers of litigating in Wisconsin.

The forum selection clause appears plainly in the eight-page Subcontract in a section entitled "Disputes." There are no allegations that Tri-State exercised or exploited any special

---

[3] The parties appear to agree that both Massachusetts and Wisconsin follow the federal common-law standard described by the Supreme Court in Bremen, and both rely on Bremen in their submissions. There is therefore no need to address a larger Erie question as to whether to treat the issue of a forum selection clause's enforceability as procedural or substantive. See Huffington v. T.C. Grp., LLC, 637 F.3d 18, 23 (1st Cir. 2011).

4

bargaining power in the transaction or that Atlas Glass was coerced into signing the agreement. Atlas Glass was not forced to decide on the spot; instead, it took almost two weeks to sign the Subcontract. While the choice of forum provision may give one party more options than the other, it is not so one-sided that it shocks the conscience. Additionally, courts, including Massachusetts courts, have enforced selection clauses requiring a foreign forum in cases involving Chapter 93A claims, which undercuts Atlas Glass's assertion that doing so here would contravene Massachusetts public policy. See, e.g., Carter's of New Bedford, 790 F.3d at 294 n.5; Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 740 N.E.2d 195, 201 n.7 (Mass. 2000). Finally, litigation is a burden to small businesses, regardless of the location. Unless all the parties reside in the selected jurisdiction, one party would always be in the position of bearing the additional burden of traveling. Atlas Glass has failed to show that proceeding in Wisconsin would be so gravely difficult and inconvenient that it would effectively deprive it of its day in court. Overall, this appears to have been an arm's length transaction between two experienced companies operating in a particular industry, and enforcement of the contractual terms is not unreasonable.

For the foregoing reasons, Tri-North's request to declare the parties' forum selection clause valid and to dismiss the case for failure to state claim is GRANTED. The case is dismissed without prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge